UNITED MISSOURI RIVER POWER CO., APPELLANT, *v.* YODER, RESPONDENT.

(No. 2,848.)

(Submitted April 11, 1910. Decided May 2, 1910.)

[108 Pac. 912.]

*Foreign Corporations—Increase of Capital Stock—Certificate— Filing Fee—Secretary of State.*

1. Each of two foreign corporations, one with a capital stock of $10,250,000, and the other with one of $2,000,000, upon entering the state to transact business had paid the full legal fees for filing its articles of incorporation. Subsequently the former absorbed the latter and increased its capital stock, the certificate presented to the Secretary of State for filing showing its capitalization then to be $14,000,000. *Held*, that the secretary was not required to deduct the amount of the capital stock of the absorbed corporation—upon which the fees had once been paid—from the amount shown by the certificate of increase, but properly charged a fee based upon the difference between its former capitalization and the present one.

*Appeal from District Court, Lewis and Clark County; J. Miller Smith, Judge.*

ACTION by the United Missouri River Power Company against A. N. Yoder, Secretary of State. Judgment for defendant, and plaintiff appeals. Affirmed.

*Mr. William Wallace, Jr.,* submitted a brief in behalf of Appellant and argued the cause orally.

In behalf of Respondent, there was a brief by *Mr. Albert J. Galen,* Attorney General, and *Mr. E. M. Hall,* Assistant Attorney General, and oral argument by the latter.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

Prior to January, 1910, the United Missouri River Power Company and the Capital City Power Company were New Jersey corporations, doing business in this state, the former with a capital stock of $10,250,000, and the latter with a capital stock of $2,000,000. The former company owned a majority of the stock of the latter, and by an agreement made on January 26, 1910, pursuant to a statute of New Jersey, there was effected a merger of the two companies, by which the Capital City Power Company was literally absorbed by the other concern. The agreement provides for the purchase, by the United Missouri River Power Company, of all the property, rights, privileges, and franchises of the Capital City Power Company, the surrender and cancellation of the certificates representing the capital stock of the Capital City Power Company, and the issuance, to the holders thereof, of certificates representing shares of stock in the United Missouri River Power Company. The agreement further provides that thereafter the capital stock of the United Missouri River Power Company shall be $14,000,000. On March 3, 1910, a duly authenticated copy of the agreement was tendered to the Secretary of State of Montana for filing, together with the sum of $380 as the filing fee. Upon demand of the Secretary of State, an additional sum of $200 was paid under protest, and this action was commenced to recover back said sum of $200. The cause was submitted to the district court upon an agreed statement of facts, and judgment was rendered and entered in favor of the defendant, dismissing the action. From that judgment the plaintiff appeals.

The question presented to us is: Upon what basis should the Secretary of State compute his fees for filing this paper, which amounts to a certificate of increase of capital stock? Section 165, Revised Codes, provides: "The Secretary of State, for services performed in his office, must charge and collect the following fees: * * * (4) For recording and filing each certificate of incorporation and each · certificate of increase of capital stock, the following amounts shall be charged." Then follows a schedule of fees graduated according to the amount involved. By section 4413 these provisions are made applicable to foreign corporations doing business in this state. If this paper, then, discloses that the capital stock of the United Missouri River Power Company was increased to the extent of $3,750,000, the Secretary of State was entitled to receive $580 in fees; if, however, the increase was only $1,750,000, then he was entitled to only $380. This is conceded.

Upon entering this state to transact business each of the two corporations mentioned above paid the full legal fees for filing its articles of incorporation, the United Missouri River Power Company upon its capital stock of $10,250,000, and the Capital City Power Company upon its capital stock of $2,000,000; and it is now insisted by counsel for appellant that, since the fees have been paid upon this $2,000,000, and this amount of capital stock has been merely absorbed by the other company, an additional fee imposed upon this same $2,000,000 should not be exacted. In other words, the contention is that the legislature never intended that a company should pay more than one filing fee upon the same capital stock. Whatever may be said of this argument, it is manifest at once that the legislature never contemplated any such conditions as have arisen in this case. We have a very elaborate system of laws governing the organization and management of domestic corporations and prescribing the conditions upon which foreign corporations may do business in this state. But there is not any provision whatever authorizing two or more domestic corporations to consolidate or one to be merged in the other, except section 3896, Revised

Codes (substantially duplicated by section 4408), which relates
to certain mining corporations exclusively, and House Bill 160,
approved March 6, 1909 (Laws 1909, p. 146), authorizing one
corporation to acquire shares of stock in another corporation;
and neither of these statutes has any reference to the subject
before us. Under these circumstances, of course, the legisla-
ture did not make any provision for filing the articles of con-
solidated corporations, as such, and neither did it prescribe the
fees for filing the certificate of consolidation or merger of
foreign corporations which may have thus united under the laws
of the state of their creation.

When the certificate was presented to the Secretary of State,
we think he did not have any authority to inquire by what
means or for what purpose the capital stock of the United
Missouri River Power Company had been augmented. The only
legitimate inquiry he could make was: To what extent does this
certificate indicate that the capital stock of the corporation has
been increased? The records in his office and this certificate
itself show that prior to January 26th the capital stock of the
United Missouri River Power Company was $10,250,000, and
this certificate discloses that after that date the capital stock
was $14,000,000, an increase of $3,750,000. Under the mandate
of the statute, the secretary charged and collected the fees im-
posed upon this amount of increase, and the fact that of this
amount $2,000,000 represented the capital stock of the Capital
City Power Company, for which the capital stock of the United
Missouri River Power Company had been substituted, was not a
matter with which he could concern himself. The argument
which counsel for appellant makes might be convincing to the
legislative assembly; but, under the law as it now stands, we
think the Secretary of State is not warranted in looking beyond
the ultimate fact of increase as disclosed by the certificate which
is tendered for filing.

Counsel have not, and neither have we, found any decided
cases bearing directly upon the subject. We have proceeded
upon the theory, which we deem correct, that in matters of this

character the Secretary of State is controlled altogether by statute, and for every act done by him the authority for his act must be found written in the statute.

We think the judgment of the district court is correct, and it is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.